**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WALTER JONATHAN VASQUEZ-GARCIA,

Petitioner,

v.

Case No. 2:26-cv-02845-MIS-DLM

WARDEN, Otero County Processing Center; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Walter Jonathan Vasquez-Garcia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 27, 2026. The Petitioner is a citizen of El Salvador, who has resided in the United States since 2023. Pet. at ¶¶ 8, 11. Prior to his detention, Petitioner resided with his family in Florida and maintained employment. Id. at ¶¶ 19-20. He has no criminal record, other than a driving citation. Id. at ¶ 18, ECF No. 7-1. Additionally, Petitioner has not failed to comply with any reporting conditions related to United States Immigration and Customs Enforcement's supervision. Id. at ¶ 12. Nevertheless, on June 15, 2026, Petitioner was stopped after a motor vehicle accident, taken into custody by law enforcement, and shortly thereafter transferred to the custody of U.S. Immigration

and Customs Enforcement. Id. at ¶ 18. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶ 2. On July 9, 2026, Petitioner was provided a bond hearing but not provided with the Immigration Judge's decision. Id. at ¶¶ 15-16; ECF 7-1. The Immigration Judge stated in relevant part:

> However, the Court finds the respondent has not met his burden of showing that he is not a flight risk. Although the respondent does have family ties in the United States, the Court denies the respondent's request for bond as a matter of discretion . . . The respondent's relief [i.e. his asylum claim] before the court is speculative. The Court finds the respondent has failed to meet his burden that he is not a flight risk.
>
> ECF No. 7-1.

Petitioner argues that his detention without pre-deprivation notice and a constitutionally adequate bond hearing violates his Fifth Amendment right to due process. Pet. at ¶¶ 32-36. Petitioner seeks immediate release from detention. Id. at p. 8.

On August 31, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in *Santillan Quiroz v. Mullin*, [180 F.4th 1226] (10th Cir. 2026) requires relief" and "if it opposes the petition and asserts Petitioner's bond hearing was constitutionally sufficient, [they] MUST specify details surrounding the bond hearing and provide documents relevant to the Immigration Judge's decision." Id.

On September 15, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 7.[1] Therein, Respondents state:

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents note that Petitioner had a bond hearing on July 9, 2026. The Immigration Judge ("IJ") Graciela Jiron denied bond, finding that Petitioner was a flight risk . . . If the Court finds that the hearing was insufficient, Respondents do not oppose a second bond hearing. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a subsequent bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

Although as the Respondents assert, the Court has no jurisdiction to review the factual determinations made by the Immigration Judge, ECF No. 7 at 1 & 8 U.S.C. § 1226(e), the Court finds the IJ's reasoning for denying bond due to flight risk to be constitutionally inadequate. ECF No. 7-1. The Immigration Judge ruled that Petitioner was a flight risk, acknowledging that Petitioner had family ties, solely because his asylum claim was speculative. The Court has previously held that bond determinations labeling a petitioner a flight risk solely based on the fact that he is subject to a removal order were constitutionally inadequate. Arrascaeta Boris v. Warden, Torrance Cnty. Det. Ctr., No. 2:26-CV-02472-MIS-SCY, 2026 WL 2491522, at *2 (D.N.M. Aug. 25, 2026) (reasoning that would make all noncitizens subject to removal orders per se flight risks); Salinas Rodriguez v. Warden, Otero Cnty. Processing Ctr., No. 2:26-CV-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 14, 2026) (same). Here, the Petitioner had not yet been determined to be removable and so the Immigration Judge's reasoning is based solely on the fact that the Petitioner is likely to be determined to be removable. To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong v. Mullin, Case No. 1:26-cv-01818-MIS-LF,

2026 WL 1959357, at *1 (D.N.M. July 7, 2026). The Court therefore finds that Petitioner did not receive a constitutionally adequate bond hearing.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Here, Respondents do not meaningfully assert that Petitioner received a constitutionally adequate bond hearing. See generally ECF 7. Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a constitutionally adequate bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

In addition, the Court finds that Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Id. Therefore, the Court finds that immediate release is the appropriate remedy. Salinas Rodriguez, No. 2:26-CV-02400-MIS-LF, 2026 WL 2364465, at *3.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation, individualized bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk, based on his specific circumstances, consistent with this Order. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Walter Jonathan Vasquez-Garcia from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner, absent a final order of removal, without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk, based on his specific circumstances, consistent with this Order; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE